*Edward G. Loring*, for the demandant.
*Blake & E. D. Sohier*, for the tenant.

---

SAMUEL D. WARD *vs.* PRESIDENT, DIRECTORS, &c., OF THE AMERICAN BANK.

On an appeal from the judgment of the court of common pleas on an award of arbitrators, nothing can be considered but some error apparent on the record, which would be examinable on a writ of error.

Where controversies are submitted to the determination of an arbitrator, and he, at the request of one of the parties, reports the evidence on which he makes his award, but declares that he does so with no intention to submit the matters arbitrated to the revision of the court, the court will not inquire whether he has decided rightly on questions of law or of fact.

CROSS ACTIONS, pending in the court of common pleas, between these parties, were submitted, by a rule of court, to the determination of a member of the bar, who was empowered to decide all controversies at law or in equity between them, relative to the claims set forth in their respective specifications annexed to the rule of submission. The referee made his award on all the matters submitted, and the same was accepted by the court of common pleas. The said Ward thereupon appealed to this court.

The referee also returned to the court of common pleas a

report of the evidence on which he made his award, prefixing to that report the following statement: " The undersigned, having been requested by the plaintiff to report the evidence on which his decision was made, so far as the same was pertinent to the said first named action, (the defendants protesting against any report thereof, and that such decision is final, and not subject to revision on appeal,) hereby respectfully exhibits to the court the evidence adduced by the parties, to serve, in case the court shall see fit to examine or act upon the same, but without prejudice to the right of the defendants to object to this report, and with no intention, on the part of the undersigned, to submit the matters arbitrated to the revision of the court, unless the plaintiff has a legal right to such revision, independently of this proceeding on the part of the referee."

*Ward*, pro se.

*Hillard*, for the appellees.

Shaw, C. J. This case comes before the court by appeal from a decision of the court of common pleas, accepting the award of a referee, and entering judgment thereon. The reference embraced two cases, being cross actions between these parties.

The appeal is taken in pursuance of the provision of Rev. Sts. *c.* 82, § 6, allowing an appeal in any civil action, suit or proceeding, when the judgment or decision thereon is founded on matter of law apparent on the record. This has been held to extend — originally with some hesitation — to all cases which manifest such error in matter of law as would be sufficient to reverse a judgment, on writ of error. *Inhabitants of Lanesborough* v. *County Commissioners*, 22 Pick. 278.

It was still a matter of doubt, whether this would extend to a judgment on an award of arbitrators made under Rev. Sts. *c.* 114, because, by § 13 of that chapter, an appeal was prohibited in such case, although the same section authorized a revision of such judgment by writ of error. But since *St.* 1840, *c* 87, authorized an appeal from any judgment of the court of common pleas founded upon matter of law apparent on the record, (except judgment upon pleas in abatement,) and repealed all acts and parts of acts inconsistent therewith, it has been

decided that an appeal lies from a judgment of that court on an
award made under Rev. Sts. *c.* 114, and that it was unneces-
sary to decide upon the construction of the previous conflicting
provisions. *Skeels* v. *Chickering, ante,* 316. This doubt,
however, upon the conflicting provisions of the revised statutes,
extended only to cases of awards where the submission was
entered into before a justice of the peace, in which appeals were
prohibited by Rev. Sts. *c.* 114, and such awards thereby made
more binding and conclusive than awards under other forms of
submission, in pursuance of the original policy of the law for
promoting such a domestic tribunal of the parties' own choice,
in order that " the decision of civil causes should be as speedy,
and attended with as little expense, as the nature of things will
admit." *St.* 1786, *c.* 21. · But, in the present case, the judg-
ment, which is brought before us by appeal, was not rendered
upon an award made under the Rev. Sts. *c.* 114, that is, an
award on a submission entered into before a justice of the
peace, but was rendered on an award under a submission by
rule of court ; and therefore the appeal was well taken under
the Rev. Sts. *c.* 82, § 6, as well as under *St.* 1840, *c.* 87, § 5.
But in order to carry out what is the manifest design of the
law, such appeal must be confined to the purpose for which
it was intended, namely, to operate as a cheap, prompt and
summary writ of error ; and of course nothing can be con-
sidered, on such an appeal, but some error apparent on the
record, which would be examinable on a writ of error. We
think that the prohibition of an appeal from the judgment
of the court of common pleas on an award, under the Rev.
·Sts. *c.* 114, was the revision of *St.* 1791, *c.* 42,* and that the
restriction was then imposed, because, as the law was then
understood, an appeal from the court of common pleas to the
supreme judicial court would open the case, and authorize the

---

* The *St.* of 1791, *c.* 42, prohibited an appeal from a judgment of the court
of common pleas upon a report of referees appointed by a rule of that court,
as well as upon a report of referees appointed by a submission before a justice
of the peace, under *St.* 1786, *c.* 21. By the Rev S.s. *c.* 114, § 13, an appeal
was prohibited only from a judgment upon an "award made under this chap-
ter," that is, an award made under a submission before a justice of the peace.

parties to plead anew, and take issue, and have a jury trial. But when it is held that an appeal is given on the ground of error in law on the record, and it is confined to an examination of the judgment in matter of law, there seems to be no reason why it should not extend to such judgment on an award, and that the prohibition ought not to extend further than to restrict appeals on such judgments to the consideration of matters of law on the record ; and such, we think, was the intention of the legislature.

Supposing then that the cause is rightly before the court, on an appeal, what is open for consideration ? Nothing more than the record of the judgment, and the questions of law, if any, arising upon it. In the present case, the authority given to the arbitrator by the agreement, and the rule of court under it, was very large, and made him the judge of the rights of the parties, and thereby conferred on him the authority to decide upon all questions of fact as well as of law, and of all rights, equitable as well as legal.

Formerly, some distinction was made between cases where the parties had referred a case to a lawyer, and those where the arbitrator was not of the legal profession. This probably proceeded on the ground, that in the former case, the parties, by selecting such an arbitrator, should be presumed to have intended that he should be a judge of the law; whereas in the latter no such specific intention should be presumed, and his decisions on such questions would be more open to inquiry. But the modern cases have tended to remove that distinction, and to consider that in all cases, by authorizing an arbitrator to judge of their respective rights, parties necessarily confer on him the power of deciding the questions of law upon which those rights depend, and therefore that the award shall be conclusive, with very limited exceptions. *Boston Water Power Co.* v. *Gray*, 6 Met. 131.

1. The first exception is when a referee, by his award, refers questions of law to the decision of the court, either declining to decide them, or deciding them subject to such revision. *Wilby* v. *Phinney*, 15 Mass. 119. 2. When it appears, by the award itself, that the referee intended to decide according to law, but

decided erroneously in matter of law. . In such case, the award is not conformable to the real judgment and intention of the referee, because he intended, upon certain facts being found, to decide according to law, on those facts; but, by coming to a wrong decision in matter of law, did not do that which he manifestly intended. 3. The third is, when the referee, through the fraud or management of one of the parties, or through mistake or inadvertence, acted upon the belief of some fact, as true, which was not true, and thus came to a result which, but for that mistake or inadvertence, he would not have come to; so that in that case the award is not what the referee himself intended it to be, viz. the result of his judgment. This of course does not extend to matters of fact which are controverted before the referee, and made the subject of legal investigation by evidence or otherwise. In all such cases, the decision of the referee upon the evidence is conclusive, and a court will not reëxamine the evidence with a view to draw a different conclusion. It would be contrary to the agreement of the parties, who have mutually bound themselves to consider the decision of the referee upon matter of fact conclusive. Applying these rules to the case before us, the court are of opinion that this award cannot be opened, in the manner proposed by the appellant, so as to reconsider all the questions decided by the referee. The submission is ample, the award clear, direct, and final, on all the subjects submitted. The paper exhibited by the appellant, as the reasons and grounds on which the referee made his award, is no part of the award, and of course no part of the record brought before the court by this appeal. It was delivered by the referee under an intimation, that it wa done simply to comply with the request of the party asking for it, and without intending thereby to make it a part of his award, or to raise questions thereon for the consideration of the court, but only as an act of courtesy, and to avail as far as the party has any right to make use of it. The only view which we can take of this paper is, that it is an authentic statement of what the referee would state, if the party had a right to call upon him to make a special report; or of what he would testify, if he

were called to testify to the facts and grounds on which he gave his judgment. The question therefore is, whether, if a motion were made to the court to call upon the referee for such a special report, or to summon him to testify to such matters, in order to enable the court to judge of the correctness of his inferences of fact and conclusions of law, such a motion would be allowed ; and we are of opinion that it would not. Formerly, it is believed, it was not unfrequent to call upon referees thus to testify, with a view to prevent the acceptance of their report ; but we think it contrary to the principle on which such references proceed, and opposed by the most recent and satisfactory decisions. See 6 Met. *ubi sup.* and cases there cited.

We can perceive no ground therefore upon which to hear an argument at large, upon the questions, decided by the referee, and proposed to be raised upon the paper furnished by him to the appellant ; and we think that such paper is not admissible, as the ground of such revision.